UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONTAVIOUS BROWN-WILLIAMS,

    Plaintiff,

v.                                                  Case No. 8:19-cv-1532-T-02AAS

CHINWE FOSSETT, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff Dontavious Brown-Williams' Amended Civil Rights Complaint (Doc. 12) and Motion for Default Judgment (Doc. 16). Plaintiff is a prisoner proceeding *pro se*. He filed his original Complaint (Doc. 1) on June 24, 2019. On July 2, 2019, the Court ordered Plaintiff to amend the Complaint if he desired to proceed with his claims. (Doc. 6).

A. Section 1915

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of motions to proceed

*in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b) Grounds for Dismissal. — On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

B. Section 1983

Plaintiff states that his claims against Defendant arise under Title 42 United States Code Section 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of*

2

*Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To sufficiently plead a Section 1983 claim, a plaintiff must allege the following two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Therefore, a plaintiff must show that the defendant acted under the color of law or otherwise undertook some state action that led to the violation of the plaintiff's rights. *Id.*

C. Analysis

Plaintiff has filed suit against Detective Fisher of the Tampa Police Department in his individual and official capacities. (Doc. 12 at 2, 4). Alleging malicious prosecution under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, Plaintiff claims that, without supporting DNA or fingerprint evidence and five days after the victim "excluded" Plaintiff as the perpetrator, Detective Fisher erroneously charged and arrested Plaintiff for a robbery that took place at a convenience store on August 11, 2015. Plaintiff was then detained for two years until he was released after winning at trial. (Doc. 12 at 4). He asserts that he suffered a fractured jaw while detained, as well as emotional distress, "discomfort, loss of time, deprivation of society, and being false imprisoned with an excessive bond." (Doc. 12 at 5). Plaintiff requests relief in the form of compensatory damages, nominal damages, and recovery of the costs of this lawsuit. (Doc. 12 at 6).

3

A claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent — in this case, against the City of Tampa Police Department. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). A municipality or county is not a "person" answerable to Plaintiff in an action under 42 U.S.C. § 1983, unless the actions of the municipality or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *Aldinger v. Howard*, 427 U.S. 1 (1976); *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). Plaintiff has alleged no custom or official policy that violated his civil rights. Accordingly, the official capacity claim against Defendant Fisher is dismissed.

As for his individual capacity claim against Defendant Fisher, in order to state a claim for malicious prosecution, Plaintiff must allege: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of h[is] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)). To assert malicious prosecution under Florida common law, Plaintiff must establish:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted

4

> a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. [2d DCA] 2002) (citing *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217 (Fla. 1986)).

*Kingsland*, 382 F.3d at 1234. Here, Plaintiff has failed to allege a violation of his Fourth Amendment right to be free from unreasonable seizures, that there was no probable cause for his arrest, or that there was malice on the part of Defendant Fisher.

That Plaintiff alleges he was subject to an "arbitrary arrest" does not rectify the deficiencies. Plaintiff's use of that term appears to pertain to his additional allegation that Defendant Fisher's actions violated his rights under the United Nations' Universal Declaration of Human Rights ("UNDHR"). (Doc. 12 at 4–5). *See* Universal Declaration of Human Rights, U.N. G.A. Res. 217 (III) A (1948) ("No one shall be subjected to arbitrary arrest, detention or exile."), https://www.un.org/en/universal-declaration-human-rights/. However, the Eleventh Circuit has explained that "[t]he rights secured by the UNDHR are not federal rights." *Moore v. McLaughlin*, 569 F. App'x 656, 660 (11th Cir. 2014) (citing *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004)). Accordingly, his claim under the UNDHR is dismissed.

Moreover, although Plaintiff raises the individual capacity malicious prosecution claim as a violation of his Fifth, Eighth, and Fourteenth Amendment

rights, those amendments do not protect Plaintiff from malicious prosecution. *See, e.g., Wood v. Kessler*, 323 F.3d 872, 881 (11th Cir. 2003) (malicious prosecution is a violation of the Fourth Amendment).

Accordingly, as stated in the Amended Complaint, Plaintiff's individual capacity malicious prosecution claim against Defendant Fisher is due to be dismissed. However, the Court will grant Plaintiff one final opportunity to amend his complaint with regard to his individual capacity malicious prosecution claim against Defendant Fisher.

Upon consideration, it is **ORDERED** that:

1. Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED without prejudice** to file a second amended complaint **within TWENTY-ONE (21) DAYS** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice.**

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint on the form, marking it **Second Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it may not refer back to or incorporate the original or amended complaint. **The second amended complaint supersedes the original and amended complaints, and all claims must be raised in the second amended complaint.**

2. The Clerk is **DIRECTED** to mail to Plaintiff, along with this Order, a copy of the standard civil rights complaint form.

3. Plaintiff's motion for default judgment (Doc. 16) is **DENIED without prejudice** as premature, as no defendant has yet been served in this case.

**DONE AND ORDERED** in Tampa, Florida, this 6th day of December, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE